UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MACK WARD and WILLIAM E. SIDWELL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FLUOR ENTERPRISES, INC.,<br><br>Defendant. | Case No: C 10-04361 SBA<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE**<br><br>Dkt. 16 |

Plaintiffs Mack Ward and William E. Sidwell ("Plaintiffs") bring this wage and hour action as a nationwide collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and as a putative California class action under Federal Rule of Civil Procedure 23. The parties are presently before the Court on Defendant's Motion to Transfer Venue to the Central District of California. Dkt. 16. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Defendant's Motion to Transfer Venue. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.  **FACTUAL BACKGROUND**

Plaintiff Mack Ward ("Ward") is a resident of Bakersfield, California. Ward worked as a project controls employee for Defendant until approximately December of 2008. Dkt. 15, First Amended Complaint ("FAC") ¶ 9. Plaintiff William E. Sidwell ("Sidwell") is a resident of Arizona and worked as a project controls employee for Defendant until approximately July

of 2009.  Id. ¶ 10.  Defendant is a California corporation with corporate headquarters in Aliso Viejo, California.  Id. ¶ 11.

Ward and Sidwell worked for Defendant as temporary employees assigned to work in different locations around the country for the duration of a given project.  Id. ¶ 12.  Sidwell worked in Aliso Viejo from August 2007 to about June 2008, or approximately ten months.  Dkt. 16-1, Ford Decl. ¶ 10.  Sidwell also worked in Richmond, California, for approximately seven months.  Id.[1]  Similarly, Ward worked for Defendant in a number of locations across the country, although there is no indication in the record presented that Ward ever worked in Richmond or in any other location within this District.  See FAC ¶ 9, 13.

Plaintiffs filed this action on September 27, 2010, and later filed their FAC on December 10, 2010.  Plaintiffs bring their claims as a nationwide collective action under FLSA and as a putative California class action under Rule 23.  The gravamen of Plaintiffs' suit is that Defendant wrongfully classified them, as well as other similarly situated employees, as exempt from overtime laws, and therefore failed to pay them overtime wages as appropriate.  FAC ¶¶ 13-35.  Now, Defendant moves to transfer this action to the Central District of California under 28 U.S.C. § 1404(a), on the grounds that transfer is warranted in the interests of justice and for the convenience of the parties and witnesses.  Dkt. 16.  Plaintiffs oppose Defendant's motion.

## II.     LEGAL STANDARD

In its motion, Defendant seeks an order transferring this action, under Section 1404(a), to the Central District of California.  Section 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The burden is on the moving party to demonstrate that the present forum is inappropriate.  Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979).

---

[1] Inexplicably, neither party indicates the dates during which Sidwell worked in Richmond.

For a court to transfer venue pursuant to section 1404(a), the movant must first show that the transferee court is one in which the original action could have been brought. Glaxo Group Ltd. v. Genentech, Inc., 2010 WL 1445666, at *2 (N.D. Cal. 2010). The original action could have been brought in another forum if that district had personal jurisdiction over the defendant and venue was proper. Urscheler v. Blenheim NDN, Inc., 1995 WL 566017, at *2 (N.D. Cal. 1995).

In determining whether transfer is proper, the Court must weigh both public factors, which go to the interests of justice, and private factors, which go to the convenience of parties and witnesses. San Francisco Tech., Inc. v. Glad Products Co., 2010 WL 2943537, at *5 (N.D. Cal. 2010). Relevant factors include:

> (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

Williams v. Bowman, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001). The Court may also consider the differences in the costs of litigation in the two forums. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000). "The court has the broad discretion to address some of these or other factors based on the particular facts of each case." Johansson v. Central Garden & Pet Co., 2010 WL 4977725, at *2 (N.D. Cal. 2010).

### III. DISCUSSION

#### A. THIS ACTION COULD HAVE BEEN BROUGHT IN THE CENTRAL DISTRICT OF CALIFORNIA

As indicated, this action could have been brought in another forum if that district had personal jurisdiction over Defendant and venue was proper. Urscheler, 1995 WL 566017, at *2. Here, the parties agree that Plaintiffs' claims could have been brought in the Central District of California. See Dkt. 21, Plf.'s Opp. at 2 n. 1. Defendant is subject to personal jurisdiction in the Central District because its headquarters are in Aliso Viejo, California, which is in the Central District. See FAC ¶ 11. Also, Sidwell worked in Aliso Viejo for part of

the relevant time period. See Ford Decl. ¶ 10. Therefore, this threshold factor is satisfied in this case.

### B. THE CENTRAL DISTRICT OF CALIFORNIA IS A MORE CONVENIENT FORUM

#### 1. Plaintiffs' Choice of Forum

As a general matter, Plaintiffs are correct that their choice of forum should be afforded deference in considering the instant motion to transfer. See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) ("the defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."). But, "the degree to which courts defer to the plaintiff's choice of venue is substantially reduced where the plaintiff does not reside in the venue or where the forum lacks a significant connection to the activities alleged in the complaint." Fabus Corp. v. Asiana Exp. Corp., 2001 WL 253185, at *1 (N.D. Cal. 2001). "The policy behind not deferring to a nonresident plaintiff's choice of venue appears tied to the notion that plaintiffs should be discouraged from forum shopping." Williams v. Bowman, 157 F.Supp.2d 1103 (N.D. Cal. 2001).

Here, neither Ward nor Sidwell resides in the Northern District of California. See FAC ¶¶ 9, 10. Ward is a resident of Bakersfield, California, located in the Eastern District, and Sidwell is a resident of Arizona. Id. Nevertheless, Plaintiffs argue that their choice of forum should be given deference because Sidwell lived and worked for Defendant in the Northern District while assigned to a project in Richmond, California. Thus, the sole connection between the Northern District and the instant action is that Sidwell lived and worked for seven months – during a time period not indicated in the record presented – in Richmond, California. Ford Decl. ¶ 10. However, venue questions are based on factors existing at the time an action is commenced, rather than when the claim for relief arose. See Tenefrancia v. Robinson Export & Import Corp., 921 F.2d 556, 559 (4th Cir. 1990). According to the FAC, at the time this action was filed, Sidwell resided in Arizona. FAC ¶ 10.

In addition, Plaintiffs argue that their choice of forum should be given deference because, according to Plaintiffs, a significant portion of the events giving rise to this suit occurred in the Northern District of California. However, it is undisputed that Sidwell worked

for a longer period in Aliso Viejo, within the Central District, than in Richmond. Moreover, Plaintiffs' suit is based upon Defendant's alleged failure to pay overtime wages to employees both nationwide and statewide. Such claims do not arise from Sidwell's employment in Richmond. Instead, Plaintiffs' claims relate to work performed on projects in an array of locations across the country where Sidwell and Ward, and other similarly situated employees, were employed.[2] Given that both named Plaintiffs reside outside of this District and there is no significant or material connection between this District and Plaintiffs' claims, Plaintiffs' choice of forum is afforded less weight in this instance. See Fabus Corp, 2001 WL 253185, at *1.

Furthermore, Plaintiffs' choice of forum carries less weight because this action is brought as a collective action and class action. Relevant authorities make clear that even where a plaintiff representing a class brings suit in his or her home forum, deference to such a plaintiff's choice of forum is considerably weakened due the representation of a broader class. See Koster v. (American) Lumbermens Mut. Casualty Co., 330 U.S. 518, 524 (1947) ("[W]here there are hundreds of potential plaintiffs . . . the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened"); Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987) ("When an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight."); see also Gerin v. Aegon USA, Inc., 2007 WL 1033472, at *3 (N.D. Cal. 2007) (Armstrong, J.) ("the plaintiff's choice of forum receives only minimal deference when the plaintiff brings a purported class action").

In their opposition, Plaintiffs cite a number of district court cases, from this District and others, to support their general assertion that their choice of forum should be afforded great weight. However, those cases are distinguishable on the facts. For instance, these decisions involve motions for convenience transfers where the plaintiff actually resided in the plaintiff's chosen forum (see Holliday v. Lifestyle Lift, Inc., 2010 WL 3910143 (N.D. Cal. 2010); Adoma v. University of Phoenix, Inc., 711 F.Supp.2d 1142 (E.D. Cal. 2010)), or where the

---

[2] For example, Plaintiffs state in their FAC that Sidwell worked for Defendant in Michigan and Arizona, and that Ward worked for Defendant in "numerous locations," including Texas, Louisiana, Indiana, and California. FAC ¶ 13.

convenience analysis considered district courts in different states and thus involved the question of competing state interests (see Milton v. TruePosition, Inc., 2009 WL 323036 (N.D. Cal. 2009), Helm v. Alderwoods Group, Inc., 2008 WL 2915424 (N.D. Cal. 2008), Gintz v. Jack in the Box, Inc., 2007 WL 397306 (N.D. Cal. 2007)), or where the plaintiff filed suit in the district nearest his residence (see Temple v. Guardsmark, LLC, 2009 WL 2997396 (N.D. Cal. 2009)).

At bottom, this District has minimal connections to the named Plaintiffs and to the events that form the basis of the action. Given that finding, the Court concludes that Plaintiffs' choice of forum is entitled to minimal deference.

### 2. Convenience of the Parties and Witnesses, Ease of Access to Evidence

With respect to the convenience of the parties, neither Ward nor Sidwell lives in the Northern District. In fact, Ward resides in Bakersfield, California, which is closer geographically to the Central District than to the current forum. Moreover, Defendant is headquartered in Aliso Viejo, California, within the Central District. Thus, the convenience of the parties weighs in favor of transfer.

With regard to potential witnesses, Defendant states that most of the witnesses critical to this matter reside in and around Orange County in the Central District. Specifically, Defendant identifies party witnesses employed at Defendant's headquarters in Aliso Viejo who are expected to testify regarding job duties, performance expectations, and payroll practices relating to Plaintiffs' claims, including managers, project directors, and members of Defendant's payroll department. Ford Decl. ¶¶ 5-7. While it is true that consideration of the convenience of non-party witnesses is elevated above that of party witnesses in deciding the more convenient venue (see Saleh v. Titan Corp., 361 F.Supp.2d 1152, 1160 (S.D. Cal. 2005)), Plaintiffs do not identify any non-party witnesses whose convenience should be considered above Defendant's party witnesses. To demonstrate inconvenience to witnesses, a party must "identify relevant witnesses, state their location and describe their testimony and its relevance." Williams v. Bowman, 157 F. Supp. 2d 1103, 1108 (N.D. Cal. 2001). Plaintiffs have not done that here.

- 6 -

Moreover, as to sources of proof, Defendant explains that relevant personnel and payroll files are located at its Aliso Viejo headquarters. Ford Decl. ¶ 4. Plaintiffs ignore that fact and speculate that Defendant's documents "can be produced electronically." Plf.'s Opp. at 8. The flaw in this argument is that Plaintiffs provide no evidence to support their contention that Defendant's documents are stored primarily in electronic form. That notwithstanding, the possibility that documents can be produced electronically does not alter the conclusion that the cost of litigation will likely be less if the case were venued in the forum where the evidence is located. See Foster v. Nationwide Mut. Ins. Co., 2007 WL 4410408, at *6 (N.D. Cal. 2007) (noting that "while 'developments in electronic conveyance have reduced the cost of document transfer somewhat, the cost of litigation will be substantially lessened if the action is venued in the same district where most of the documentary evidence is found.'") (citation omitted).

In sum, the Court finds that the convenience of witnesses and parties and ease of access to evidence favor transferring the case to the Central District of California.

### 3. Costs of Litigation

As stated above, the parties and relevant witnesses and evidence are located in the Central District of California. Thus, as correctly noted by Defendant, it follows that the cost of litigation in the Northern District would be higher than in the Central District. In response, Plaintiffs assert that the additional cost imposed on Defendant if it were subjected to litigation in the Northern District should be given little consideration given the financial strength of Defendant and its parent corporation. Putting the legitimacy of that contention aside, because Plaintiffs have not established that this District is a more convenient forum, there is little if any justification for increasing the cost of this litigation, regardless of the relative wealth of Defendant. Accordingly, this factor weighs in favor of transfer to the Central District of California.[3]

---

[3] In its motion, Defendant also asks that this action be transferred specifically to the Southern Division of the Central District. While the Court finds that the Central District is a more convenient forum under § 1404(a), Defendant has offered no authority indicating that this Court, as part of its transfer order, may specify the division to which this action is assigned. That determination is more appropriately made by the transferee court.

## IV. CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED THAT Defendant's Motion to Transfer Venue is GRANTED. The Clerk shall transfer the instant action forthwith to the U.S. District Court for the Central District of California, and shall terminate any pending dates and docket matters.

IT IS SO ORDERED.

Dated: March 1, 2011

*Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge