Peter Rukin, SBN 178336
peterrukin@rhdtlaw.com
RUKIN HYLAND DORIA & TINDALL LLP
100 Pine Street, Suite 2150
San Francisco, CA 94111
Telephone: (415) 421-1800
Facsimile: (415) 421-1700

Todd S. Heyman (*pro hac vice application granted*)
theyman@shulaw.com
Ian J. McLoughlin (*pro hac vice application granted*)
imcloughlin@shulaw.com
SHAPIRO HABER & URMY LLP
53 State Street, 13th Floor
Boston, MA 02109
Telephone: (617) 439-3939
Facsimile: (617) 439-0134

Attorneys for the Plaintiffs

IN THE UNITED STATES COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACK WARD and WILLIAM E. SIDWELL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FLUOR ENTERPRISES, INC.,<br><br>Defendant. | Case No.  8:11-cv-00467-DOC -VBK<br>**ORDER: (1) PROVISIONALLY CERTIFYING CLASS AND COLLECTIVE ACTION; (2) GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; (3) APPROVING CLASS NOTICE AND MANNER OF DISTRIBUTION; AND (4) SETTING FINAL APPROVAL AND FAIRNESS HEARING**<br><br>Date:     January 30, 2012<br>Time:    8:30 am<br>Judge:   Honorable David O. Carter<br>Courtroom:  9D |

Plaintiffs' Unopposed Motion for Conditional Certification and Preliminary Approval of a Class and Collective Action Settlement came before this Court, Chief Judge David O. Carter presiding, on January 30, 2012. The Court, having considered the papers submitted in support of the motion of the parties, HEREBY ORDERS THE FOLLOWING:

**CONDITIONAL CERTIFICATION OF THE CALIFORNIA CLASS AND FLSA CLASS**

1. Plaintiffs' Motion for Conditional and Collective Action Certification is granted.

2. Pursuant to 29 U.S.C. §216(b), a collective action may be maintained by an employee or employees on behalf of others who are "similarly situated." The Court finds and concludes that named plaintiffs are "similarly situated" to the other FLSA Class Members, and on that basis conditionally certifies the FLSA collective action for purposes of settlement only and authorizes notice as set forth herein. This FLSA Class consists of all Project Controls Employees who worked for Defendant in locations outside California between February 25, 2008 to December 31, 2011, and who are not members of the California Class.

3. Pursuant to Fed. R. Civ. P. 23, the Court conditionally certifies the following class for purposes of settlement only: a California Class consisting of all Project Controls Employees who worked for Defendant in California between September 27, 2006 to December 31, 2011.

4. In conditionally certifying the California Class and the FLSA Class, the Court finds and concludes as follows. Each settlement class is sufficiently numerous that joinder would be impractical. The members of the settlement classes share common questions of law and fact, including: (1) whether the identified partial day deductions constitute a pattern or

practice evidencing an intent not to pay PCEs on a salary basis; (2) whether the salary basis requirement of the FLSA and California law allows employers to make partial day deductions from an employee's weekly pay so long as the employee is guaranteed a biweekly paycheck equal to 1/26th of his or her annual salary; (3) whether Fluor's written policies justify application of any known good faith defense to liquidated damages; and (4) and whether the "window of correction" defense is available to Fluor based on the facts of this case.

5. Because certification of the classes is proposed in the context of a settlement, the Court need not inquire whether the case, if tried as a class action, would present intractable management problems.

6. Plaintiff William Sidwell is appointed as Class Representative of the California Class. Plaintiffs William Sidwell and Mack Ward are appointed as Class Representatives Of the FLSA Class. The Court finds and concludes that there is a commonality of interest between the named Plaintiffs and the members of their respective settlement classes; and that the named Plaintiffs' claims are typical of the claims of absent members of their respective settlement classes.

7. Pursuant to Fed. R. Civ. P. 23(g), the Court finds and concludes that Plaintiffs' law firms of Shapiro Haber & Urmy LLP and Rukin Hyland Doria & Tindall LLP, separately and collectively, have extensive experience and expertise in litigating complex employment class and collective actions. Because these law firms and each of them meet all of the standard set forth in Rule 23(g)(1)(A), these law firms are hereby appointed settlement Class Counsel.

8. The Court hereby conditionally certifies, for purposes of settlement, the California Class pursuant to Fed. R. Civ. P. 23(b)(3) and the FLSA Class

pursuant to 29 U.S.C. §216(b).

**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

9. The Court grants preliminary approval of the Settlement, as set forth in the Settlement Agreement filed by the parties.  The Settlement appears to have been the product of serious, informed, and extensive arm's-length negotiations between the Parties and is well within the range of possible final approval—that is, it appears at this stage to be fair, adequate, and reasonable to the Class.

**APPOINTMENT OF CLAIMS ADMINISTRATOR**

10. Rust Consulting, Inc. is appointed as the Claims Administrator subject to the terms and conditions of the parties' Agreement, and shall perform all duties and responsibilities of the Claims Administrator as set forth in that Agreement.

**APPROVAL OF CLASS NOTICE**

1. The Court approves, as to form and content, the Notice of Class Action Settlement for both the California and FLSA Classes ("Notice"), in substantially the form attached to the Settlement Agreement as Exhibits A and B.  The Court also approves, as to form and content, the "Claim Form For Members of Only the FLSA Class" and the "Claim Form For Members of the California Class,"  in substantially the form attached to the Settlement Agreement as Exhibits C and D.

2. The Court approves the procedure for Class Members to participate in, to opt out of, and to object to the Settlement as set forth in the Notice.

3. The Court directs the mailing of the Notice and Claim Form by first-class mail to the Class Members in accordance with the implementation schedule set forth in the Settlement Agreement and described below.  The Court finds the content and process for providing notice to the Class as set

forth in the Settlement fulfills the requirements of Federal Rule of Civil Procedure 23(c)(2)(A) and due process, provides the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Class Members.

**FINAL APPROVAL HEARING**

4. The Court hereby sets a hearing ("Final Approval Hearing") to take place on June 25, 2012, at 11:00 am, in Courtroom 9D of the United States District Court for the Central district of California.  At the Final Approval Hearing, the Court will consider: whether to give final approval to the settlement as fair, reasonable, and adequate to the Settlement Class; whether to enter final judgment in this case; whether to approve the incentive payments as set forth in the Settlement Agreement; whether to award attorneys' fees and costs to Class Counsel, and if so, in what amount; and any other matters as the Court should deem necessary.

**IMPLEMENTATION SCHEDULE**

| | |
|---|---|
| Deadline for Defendant to provide Claims Administrator with Class Member Data | 15 calendar days after Order Granting Preliminary Approval |
| Deadline for Claims Administrator to Mail the Notice and the Claim Form to Class Members | 25 calendar days after Order Granting Preliminary Approval |
| Deadline for Class Members to Submit Claim Forms | 60 calendar days after mailing of the Notice |
| Deadline for Class Members to Postmark Requests for Exclusions | 60 calendar days after mailing of the Notice |
| Deadline for Postmarks of Any Objections to Settlement | 60 calendar days after mailing of the Notice |

| | |
|---|---|
| Deadline for Class Counsel to file Motion for Final Approval of Settlement | May 10, 2012 |
| Deadline for Plaintiffs' Counsel to File Petition For Attorneys' Fees, Costs, and Service Awards | |
| Deadline for Postmark of Any Objections to Request for Attorneys' Fees and Costs | 10 Days after Filing of Motion for Attorneys' Fees & Costs |
| Final Fairness Hearing and Final Approval | June 25, 2012 |

IT IS SO ORDERED.

Date: January 30, 2012

*/s/ David O. Carter*

THE HONORABLE DAVID O. CARTER
United States District Judge